### (March 8, 1973)

■ FULTON LEWIS, III, Appellant, v. AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, Respondent.—Order, Supreme Court, New York County, entered on September 8, 1972, denying motion of plaintiff for summary judgment and granting cross motion of defendant for summary judgment, unanimously modified, on the law, to the extent of striking therefrom so much of that paragraph which dismisses the complaint and by substituting therefor a provision declaring that section 8 (subd. [a], par. [3]) of the National Labor Relations Act (U. S. Code, tit. 29, § 158, subd. [a], par. [3]), insofar as it authorizes defendant to require plaintiff to pay dues as a condition of speaking on radio, does not violate the First Amendment. As so modified, the order is affirmed, without costs and without disbursements. We are not unaware of the succinct opinion of Brieant, J., in *Evans* v. *American Federation of Tel. & Radio Artists* (354 F. Supp. 823; So. Dist., Jan. 23, 1973). Concur—McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ. [71 Misc 2d 253.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS EDWARDS, Appellant.— Judgment, Supreme Court, New York County, rendered on January 25, 1972, convicting defendant, upon his guilty plea, of robbery, first degree, coercion first degree and endangering the welfare of a child and sentencing him to a minimum of two and a maximum of six years in prison, unanimously modified, on the law and the facts, so as to reduce the robbery first degree conviction to robbery third degree and, as so modified, the judgment is affirmed. The record establishes that defendant at one point at the taking of the plea, admitted using a knife during the commission of the robbery. However, when requested by the court to give his version of what he had done, he denied using a knife or any other weapon. Defendant has not raised this issue on appeal. The possible discrepancy was brought to our attention by the District Attorney. It is clear that defendant suffered no prejudice since both the prosecutor and the court agreed that he would be sentenced as though he had pled guilty to a class D felony. In point of fact he received a shorter sentence than the maximum under a class D felony conviction. Under the circumstances we deem it appropriate to modify the judgment. (See former Code Crim. Pro., § 543; CPL 470.20.) Concur— Stevens, P. J., McGivern, Nunez, Kupferman and Lane, JJ.