■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RAFAEL MARTINEZ, Appellant.—Appeals by defendant from
three judgments of the Supreme Court, Kings County (Feld-
man, J.), each rendered August 1, 1984, convicting him under
indictment No. 2958/83 of criminal possession of a controlled
substance in the first degree, under indictment No. 7400/83 of
criminal sale of a controlled substance in the third degree,
and under indictment No. 3306/83 of criminal sale of a
controlled substance in the third degree, upon his pleas of
guilty, and imposing sentences.

Judgment as to indictment No. 2958/83 modified as a mat-
ter of discretion in the interest of justice, by reducing defen-
dant's conviction of criminal possession of a controlled sub-
stance in the first degree to criminal possession of a controlled
substance in the second degree. As so modified, judgment
under indictment No. 2958/83 affirmed.

Judgments under indictments Nos. 7400/83 and 3306/83
affirmed.

Defendant entered into a plea bargain agreement whereby
he agreed to plead guilty to certain crimes under three
separate indictments (indictments Nos. 2958/83, 7400/83 and
3306/83) and in satisfaction of a pending Criminal Court case.
It is clear from the plea minutes that it was agreed that under
indictment No. 2958/83—the top count of which was criminal
possession of a controlled substance in the first degree, an A-I
felony—defendant would plead guilty to an A-II felony. Fur-
ther, in accordance with that agreement, the court promised
to sentence defendant to a term of six years to life imprison-
ment, such sentence being the minimum permissible sentence
upon a conviction of an A-II felony as a second felony offender
(see, Penal Law § 70.06 [4] [a]). In entering his plea under
indictment No. 2958/83, however, defendant pleaded guilty to
the crime of criminal possession of a controlled substance in
the first degree (see, Penal Law § 220.21). Thereafter, at sen-
tencing, the court imposed a sentence of six years to life upon
such conviction in accordance with the terms of the plea
agreement.

We now modify that conviction, in the interest of justice
and upon the request of the People, by reducing it to one of
criminal possession of a controlled substance in the second
degree, an A-II felony (see, Penal Law § 220.18), in order to
effectuate the clear purpose and intent of the plea agreement.
Further, since the sentence imposed upon defendant's convic-
tion under indictment No. 2958/83 of six years to life was the

sentence promised and is the minimum permissible sentence which could be imposed upon defendant's conviction, as a second felony offender, of criminal possession of a controlled substance in the second degree, there is no purpose to be served by remitting the matter for resentencing. Accordingly, we affirm the sentence.

We have examined the issues raised by defendant in his brief and find them to be either unpreserved or without merit *(see, People v Pellegrino,* 60 NY2d 636; *People v Harris,* 61 NY2d 9; *People v Kazepis,* 101 AD2d 816). Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.