THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MILTON SIVELS, Appellant.—Appeal by the defendant, as limited by his motion, from two sentences of the County Court, Suffolk County (Mazzei, J.), both imposed May 7, 1987, the sentences being two consecutive definite one-year terms of imprisonment, upon his convictions of attempted burglary in the second degree (one count as to each indictment), after his pleas of guilty.

Ordered that the sentences are reversed, on the law, and the matters are remitted to the County Court, Suffolk County, for resentencing.

In imposing consecutive sentences upon the defendant, the court indicated that it was doing so because consecutive sentences were mandatory. In imposing the sentences, the court apparently misinterpreted Penal Law § 70.25 (2-b), which provides that when a person, such as the defendant, is convicted of a violent felony offense committed after arraignment and while free on bail or on his own recognizance and before sentencing on another pending felony charge, then, if an indeterminate sentence is imposed in each case, such sentences shall run consecutively. At bar, however, the court did not impose an indeterminate sentence under either of the cases before it, but, rather, imposed a definite sentence on each. Under such circumstances, although the court was authorized to impose consecutive sentences in the exercise of its discretion, it was not required to do so. Accordingly, we remit these matters to the County Court, Suffolk County, for resentencing in the exercise of the court's discretion. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.