■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered April 13, 1987, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BROWN, Also Known as CHUCK BROWN, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County (West, J.), rendered July 8, 1987, convicting him of attempted criminal possession of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction to attempted criminal possession of a controlled substance in the second degree; as so modified, the judgment is affirmed.

We find that, pursuant to the plea bargain negotiations, it was agreed that the defendant would plead guilty to an A-II felony under indictment No. 87-00105, the top count of which was criminal possession of a controlled substance in the first degree, an A-I felony. In accordance with this agreement, the court promised to sentence defendant to a term of six years' to life imprisonment. In entering the plea, the defendant pleaded guilty to the crime of attempted criminal possession of a controlled substance in the first degree, a class A-I felony (see, Penal Law § 110.05 [1]). Thereafter, the court imposed a

sentence of six years to life in accordance with the terms of the plea agreement.

We modify the judgment of conviction, in the interest of justice, by reducing it to criminal possession of a controlled substance in the second degree, an A-II felony (see, Penal Law § 220.18), in order to effectuate the clear purpose and intent of the plea agreement. Since the sentence imposed upon the defendant's plea was the sentence promised, there is no purpose to be served by remitting the matter for resentencing. Accordingly, we affirm the sentence (see, People v Martinez, 116 AD2d 743).

We find that defendant was not denied the effective assistance of counsel since defense counsel's mistaken belief that attempted criminal possession of a controlled substance in the first degree is an A-II felony does not rise to the level of ineffectiveness (see, People v Baldi, 54 AD2d 137).

We have examined the remaining issues raised by the defendant and find them to be either unpreserved for appellate review or without merit (see, People v Pellegrino, 60 NY2d 636; People v Harris, 61 NY2d 9; People v Kazepis, 101 AD2d 816). Mollen, P. J., Brown, Kunzeman and Kooper, JJ., concur.