■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL STONE, Also Known as MICHAEL FOX, Also Known as MICHAEL PRATT, Appellant.—Appeal by the defendant from four judgments of the Supreme Court, Kings County (Miller, J.), all rendered February 3, 1987, convicting him of burglary in the second degree under indictment No. 5968/85, burglary in the second degree under indictment No. 6931/85, possession of burglar's tools under indictment No. 5779/86, and burglary in the third degree under superior court information No. 6655/86, upon his pleas of guilty, and imposing sentences.

Ordered that the appeals from the judgments rendered on indictments Nos. 5968/85, 6931/85 and 5779/86 are dismissed as abandoned; and it is further,

Ordered that the judgment rendered on superior court information No. 6655/86 is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

In imposing sentence for the conviction of burglary in the third degree under superior court information No. 6655/86, the court acted on the misconception that this charge was classified a violent felony offense. Because it is not so classified, the second violent felony offender adjudication and the sentence of 2½ to 5 years must be vacated *(see,* Penal Law § 70.02 [1]; § 70.04 [3], [4]). In light of the court's clear promise to impose the minimum legal sentence on this count, we would ordinarily modify the sentence by adjudicating the defendant a second felony offender and imposing a term of 2 to 4 years' incarceration *(see,* Penal Law § 70.04 [3], [4]; *People v Martinez,* 116 AD2d 743). However, due to ambiguity in the record as to whether the court believed itself constrained by Penal Law § 70.25 (2-b) to direct that the sentence on this count run consecutively to the other burglary counts, we remit this matter for resentencing to permit the court to exercise its discretion *(see, People v Sivels,* 142 AD2d 617, 618). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.