■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ALVAREZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered May 20, 1988, convicting him of attempted criminal sale of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's argument that his plea of guilty was coerced is not preserved for appellate review as a matter of law (see, People v Pellegrino, 60 NY2d 636), and is not worthy of review in the interest of justice. Moreover, the defendant expressly waived his right to appellate review of the denial of his motion to suppress evidence (see, People v Seaberg, 74 NY2d 1; People v Williams, 36 NY2d 829, cert denied 423 US 873).

The defendant's claim that his sentence is excessive is without merit, particularly since the minimum term of the indeterminate sentence which was imposed is less than the minimum term authorized by law (see, Penal Law §§ 220.43, 110.05 [1]; § 70.00 [3] [a] [i]). Since the People have not taken a cross appeal, and since the illegality of the sentence cannot be said to "adversely affect" the defendant (CPL 470.15 [1]), modification of the judgment under review is not warranted (see, People v Pratt, 119 AD2d 839 [illegally low sentence not reviewable on appeal by defendant]; cf., People v Beach, 152 AD2d 772; People v Miller, 38 AD2d 745). Bracken, J. P., Sullivan and Balletta, JJ., concur.

Lawrence, J., concurs in part and dissents in part, and votes to modify the judgment, on the facts and as a matter of discretion in the interest of justice, by reducing the conviction from attempted criminal sale of a controlled substance in the first degree to attempted criminal sale of a controlled substance in the second degree, with the following memorandum: The record establishes that the clear intent of the parties and the trial court was to permit the defendant to enter a plea to a class A-II felony, with the imposition of the minimum term of imprisonment. Consequently, under the circumstances, the

judgment should be modified by reducing the conviction to attempted criminal sale of a controlled substance in the second degree, a class A-II felony, as requested by the People *(see, People v Edwards,* 41 AD2d 707).