■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS LAINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered December 17, 1990, convicting him of attempted criminal possession of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction to attempted criminal possession of a controlled substance in the second degree; as so modified, the judgment is affirmed.

As part of a negotiated plea bargain, it was agreed that the defendant would plead guilty to a class A-II felony and receive a sentence of five years to life imprisonment. The defendant, however, pleaded guilty to the crime of attempted criminal possession of a controlled substance in the first degree, which is a class A-I felony *(see,* Penal Law §§ 220.21, 110.05 [1]). A sentence of 5 years to life imprisonment constitutes an illegally-low term of imprisonment for an A-I felony *(see,* Penal Law § 70.00 [3] [a] [i]). At the plea proceeding, the parties were under the mistaken impression that the crime of attempted criminal possession of a controlled substance in the first degree was a class A-II felony, which would permit the imposition of the agreed upon sentence of 5 years to life imprisonment. On appeal, both parties agree that the conviction should be reduced to a crime of a lesser degree in order to effectuate the plea agreement.

Under the circumstances, the judgment should be modified, in the interests of justice, by reducing the conviction to attempted criminal possession of a controlled substance in the second degree (Penal Law § 220.18), in order to effectuate the clear purpose and intent of the plea agreement *(see, People v Brown,* 147 AD2d 489; *cf., People v Monereau,* 181 AD2d 918;

*People v Alvarez,* 166 AD2d 603). We note that since the sentence imposed upon the defendant's plea was the sentence promised, no purpose would be served by remitting the matter for resentencing *(see, People v Brown, supra; People v Martinez,* 116 AD2d 743).

We find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Balletta, Ritter and Pizzuto, JJ., concur.