■ The People of the State of New York, Respondent, v Nelson Henriquez, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered December 13, 1990, convicting him of attempted criminal sale of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction to attempted criminal sale of a controlled substance in the second degree; as so modified, the judgment is affirmed.

As part of a negotiated plea agreement, it was agreed that the defendant would plead guilty to attempted criminal sale of a controlled substance in the first degree and receive a sentence of eight years to life imprisonment. At the plea proceeding, the parties were under the mistaken impression that this crime is a class A-II felony when in fact it is a class A-I felony (see, Penal Law §§ 220.43, 110.05 [1]). The promised sentence was imposed and constituted an illegally-low term of imprisonment for a class A-I felony (see, Penal Law § 70.00 [3] [a] [i]). Under the circumstances, the judgment should be modified, in the interests of justice, by reducing the conviction to attempted criminal sale of a controlled substance in the second degree (see, Penal Law § 220.41) in order to effectuate the clear purpose and intent of the plea agreement (see, People v

*Laino,* 186 AD2d 226; *People v Brown,* 147 AD2d 489; *cf., People v Alvarez,* 166 AD2d 603). Since the sentence imposed upon the defendant's plea was the sentence promised, no purpose would be served by remitting the matter for resentencing *(see, People v Laino, supra; People v Brown, supra).* Thompson, J. P., Lawrence, Miller, O'Brien and Ritter, JJ., concur.