■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIA BARON ROZO, Appellant. [600 NYS2d 752] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered April 19, 1991, convicting her of attempted criminal possession of a controlled substance in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction to attempted criminal possession of a controlled substance in the second degree; as so modified, the judgment is affirmed.

The record does not afford a sufficient basis for concluding that the defendant's waiver of her right to appeal was knowing, intelligent, or voluntary *(see, People v DeSimone,* 80 NY2d 273). There was no discussion on the record between the court and the defendant concerning the waiver. Moreover, there is nothing in the record indicating an attempt by the court to ascertain on the record an acknowledgement from the defendant that she had, in fact signed the waiver or that, if she had, she was aware of its contents *(see, People v DeSimone, supra).* Accordingly, there is no assurance that the waiver was executed under constitutionally acceptable circumstances *(see, People v DeSimone, supra).*

As part of the negotiated plea, it was agreed that the defendant would plead guilty to a class A-II felony and receive an indeterminate term of four years to life imprisonment. The defendant, however, pleaded guilty to the crime of attempted criminal possession of a controlled substance in the first degree, which is a class A-I felony *(see,* Penal Law §§ 220.21, 110.05 [1]). A sentence of an indeterminate term of four years to life imprisonment constitutes an illegally low sentence for an A-I felony *(see,* Penal Law § 70.00 [3] [a] [i]). At the plea proceeding, the parties were under the mistaken impression that the crime of attempted criminal possession of a controlled substance in the first degree was a class A-II felony, which would permit the imposition of the agreed-upon sentence. On appeal, the defendant contends that her conviction should be reduced to a class A-II felony, and the People consent to that reduction. Under these circumstances, the conviction of attempted criminal possession of a controlled substance in the first degree should be reduced, in the interest of justice, to the lesser included offense of attempted criminal possession of a controlled substance in the second degree (Penal Law § 220.18) in order to better effectuate the clear purpose and intent of the plea agreement *(see, People v Laino,* 186 AD2d 226; *People v Brown,* 147 AD2d 489).

We note in conclusion that the sentence imposed was not an excessive one for a class A-II felony *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.