■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE DACOSTA, Appellant. [602 NYS2d 676] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered May 21, 1990, convicting him of attempted murder in the first degree and attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of attempted murder in the first degree to attempted murder in the second degree; as so modified, the judgment is affirmed.

As part of the negotiated plea agreement, it was agreed that the defendant would plead guilty to attempted murder in the first degree and receive a sentence of 5 to 15 years imprisonment. Attempted murder in the first degree is a class A-I felony *(see,* Penal Law §§ 125.27, 110.05 [1]). The promised sentence was imposed, but that sentence constituted an illegally-low term of imprisonment for a class A-I felony *(see,* Penal Law § 70.00 [3] [a] [i]). Under these circumstances, the People concede that the judgment should be modified, in the interests of justice, by reducing the conviction to attempted

murder in the second degree *(see,* Penal Law § 125.25) in order to effectuate the purpose and intent of the plea agreement *(see, People v Henriquez,* 188 AD2d 617; *People v Laino,* 186 AD2d 226; *People v Brown,* 147 AD2d 489). Since the sentence imposed upon the defendant's plea was the sentence promised, no purpose would be served by remitting the matter for resentencing *(see, People v Henriquez, supra; People v Laino, supra; People v Brown, supra).* Thompson, J. P., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.