■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONEL LABODE, Appellant. [720 NYS2d 503] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered July 14, 1998, convicting defendant, upon his plea of guilty, of at-tempted criminal sale of a controlled substance in the first degree, and sentencing him to a term of 4 years to life, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of vacating the convic-tion of attempted criminal sale of a controlled substance in the first degree and substituting a conviction of attempted criminal sale of a controlled substance in the second degree, and otherwise affirmed.

Defendant's suppression motion was properly denied. The arresting officer had probable cause to arrest defendant since he was a part of a surveillance team that investigated defen-dant for more than a year, and this officer was fully familiar with defendant and his drug-selling activities.

Defendant's conviction should be modified to the extent indicated "in order to effectuate the clear purpose and intent of the plea agreement" (*People v Henriquez*, 188 AD2d 617). At the plea proceeding, both sides were under the mistaken impression that defendant was pleading guilty to a class A-II felony, when, in fact, he actually pleaded guilty to a class A-I felony. Defendant argues that this disposition of his appeal would require his consent (*see, Matter of Kisloff v Covington*, 73 NY2d 445) and maintains that the matter should be remanded to Supreme Court for imposition of the higher sentence that would be required for a class A-I felony, where-upon defendant would be entitled to withdraw his plea on the ground of breach of sentencing promise. However, the only manner in which the error adversely affected defendant, the only appealing party, was that he was convicted of a higher degree of offense than intended, and this Court's correction of that error "is necessary and appropriate both to rectify any injustice to the appellant resulting from the error or defect * * * and to protect the rights of the respondent." (CPL 470.20;

*see also, People v Alvarez*, 166 AD2d 603, *lv denied* 77 NY2d 835; *cf., People v Monereau*, 181 AD2d 918, *lv denied* 79 NY2d 1052.) Concur—Sullivan, P. J., Tom, Lerner, Buckley and Friedman, JJ.