■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS RUIZ, Appellant. [726 NYS2d 870] —Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered February 10, 1999, convicting him of burglary in the second degree, upon his plea of guilty, and sentencing him to a determinate term of seven years imprisonment.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed from seven years to five years; as so modified, the judgment is affirmed.

During the plea proceedings, the defendant, the People, and the County Court were under the mistaken impression that the minimum sentence that could be imposed given the defendant's status as a second felony offender was a determinate term of seven years imprisonment. However, as correctly conceded by the People, the minimum permissible sentence under the circumstances is a determinate term of five years (*see,* Penal Law § 70.06 [6] [b]). Since the record is clear that the purpose and intent of the plea agreement was to impose the minimum permissible sentence, the term of imprisonment is reduced to a determinate term of five years (*see, People v Rozo,* 196 AD2d 514; *People v Brown,* 147 AD2d 489; *People v Predmore,* 142 AD2d 759; *see also, People v LaSalle,* 95 NY2d 827).

The defendant's remaining contention is without merit. Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WELLS, Appellant. [726 NYS2d 577] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 25, 1999 (*People v Wells,* 265 AD2d 589), affirming a judgment of the Supreme Court, Kings County, rendered May 13, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.