■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ALVAREZ, Appellant. [741 NYS2d 853] —Judgment, Supreme Court, New York County (Bernard Fried, J., at suppression hearing; Laura Visitacion-Lewis, J., at plea and sentence), rendered November 17, 1999, convicting defendant of attempted criminal possession of a controlled substance in the first degree, and sentencing him to a term of eight years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction and substituting a conviction of attempted criminal possession of a controlled substance in the second degree, and otherwise affirmed.

Defendant's suppression motion was properly denied. There

is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761). The credible evidence clearly established that defendant abandoned the suitcase in question.

Defendant's conviction should be modified to the extent indicated in order to effectuate the intent of the plea agreement (*People v Labode*, 280 AD2d 400, *lv denied* 96 NY2d 831). The minutes of the plea proceeding show that the parties were under the mistaken impression that in pleading guilty to the crime of attempted criminal possession of a controlled substance in the first degree defendant could be sentenced to the promised eight years to life, when, in fact, the attempt to commit such crime remains a class A-I felony (Penal Law § 110.05 [1]), requiring a minimum of at least 15 years (Penal Law § 70.00 [3] [a] [i]). We thus modify the conviction to conform to the parties' intent as regards sentence.

We perceive no basis for a reduction of sentence. Concur— Nardelli, J.P., Sullivan, Ellerin, Lerner and Rubin, JJ.