■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ORTIZ, Appellant. [747 NYS2d 789]

The defendant pleaded guilty to attempted criminal sale of a controlled substance in the first degree, a class A-I felony (*see* Penal Law § 110.05 [1]; § 220.43), with the understanding that he would receive a sentence of five years to life. However, a sentence of an indeterminate term of imprisonment of five years to life constitutes an illegally low sentence for a class A-I felony (*see* Penal Law § 70.00 [3] [a] [i]). Apparently, the parties and the court were under the mistaken impression that the crime of attempted criminal sale of a controlled substance in the first degree was a class A-II felony, which would permit the imposition of the agreed-upon sentence (*see* Penal Law § 70.00 [3] [a] [ii]). Under these circumstances, with the consent of the People, the conviction of attempted criminal sale of a controlled substance in the first degree should be reduced to attempted criminal sale of a controlled substance in the second degree to effectuate the clear purpose and intent of the plea agreement (*see People v Carter,* 196 AD2d 633, 634; *People v Rozo,* 196 AD2d 514, 515; *People v Laino,* 186 AD2d 226; *see also People v Labode,* 280 AD2d 400). Accordingly, the matter

is remitted to the Supreme Court, Kings County, for that purpose. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.