■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FLOCK, Appellant. [817 NYS2d 369]—

Appeal by the defendant from three judgments of the Supreme Court, Queens County (Rotker, J.), all rendered January 9, 2003, convicting him of enterprise corruption under indictment No. 3639/00, criminal possession of stolen property in the third degree under indictment No. 3697/00, and arson in the third degree under indictment No. 3329/02, upon his pleas of guilty, and sentencing him to concurrent indeterminate terms of imprisonment of 6 to 12 years on the conviction of enterprise corruption, 3 to 6 years on the conviction of criminal possession of stolen property in the third degree, and 6 to 12 years on the conviction of arson in the third degree.

Ordered that the judgment rendered under indictment No. 3697/00 is modified, on the law, by reducing the conviction of criminal possession of stolen property in the third degree to criminal possession of stolen property in the fifth degree and by reducing the sentence imposed thereon from an indeterminate term of 3 to 6 years' imprisonment to a determinate term of 1 year imprisonment; as so modified, the judgment rendered under indictment No. 3697/00 is affirmed; and it is further,

Ordered that the judgments rendered under indictment Nos. 3639/00 and 3329/02 are affirmed.

As part of a negotiated plea bargain, the defendant, inter alia, pleaded guilty to the only count under indictment No. 3697/00. The original charge under indictment No. 3697/00 had been reduced by a prior order of the Supreme Court from criminal

possession of stolen property in the third degree to criminal possession of stolen property in the fifth degree on the ground that the evidence was legally insufficient to establish the offense charged (*see* CPL 210.20 [1-a]). However, the People neither filed a reduced indictment nor exercised any of their other options pursuant to CPL 210.20 (6) within 30 days following the entry of the order. At the time of the plea the defendant mistakenly pleaded guilty to the original charge, even though the only charge that remained viable after expiration of the 30-day stay was the reduced count (*see People v Jackson,* 87 NY2d 782, 784 [1996]). Under the circumstances, the People correctly concede that the judgment should be modified by reducing the conviction of criminal possession of stolen property in the third degree and the term of imprisonment imposed thereon to a conviction of criminal possession of stolen property in the fifth degree and a one-year determinate term of imprisonment (*see People v Ortiz,* 297 AD2d 758 [2002]; *People v Ruiz,* 284 AD2d 486 [2001]; *People v Dacosta,* 197 AD2d 631 [1993]).

The defendant's remaining contention was effectively waived by him as part of his plea bargain (*see People v Muniz,* 91 NY2d 570 [1998]; *People v Callahan,* 80 NY2d 273 [1992]; *People v Seaberg,* 74 NY2d 1 [1989]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.