OPINION OF THE COURT
Richard M. Weinberg, J.
Defendant was indicted for the crimes of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). His application for judicial diversion under CPL 216.05 was granted. On June 17, 2014, defendant signed a detailed written Drug Court agreement and pleaded guilty to criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Sentencing was deferred and defendant was placed in treatment. Defendant successfully completed his treatment mandate. Pursuant to the terms of the written agreement, defendant was allowed to withdraw his guilty plea and the indictment was dismissed on July 20, 2016.
Defendant now seeks to have the records of his criminal action conditionally sealed pursuant to CPL 160.58 or permanently sealed pursuant to CPL 160.50. The People oppose the defendant’s application for sealing under either statutory provision.
Chapter 56 of the Laws of 2009 created a judicial diversion program (CPL art 216) for certain felony offenders who have a history of alcohol or substance abuse or dependence and where that abuse or dependence is a contributing factor to a defendant’s criminal behavior. If institutional confinement is not necessary for the protection of the public and a defendant’s abuse or dependance may be effectively addressed through treatment, the court may place the defendant in treatment through the judicial diversion program after defendant signs a Drug Court agreement and enters a guilty plea. Where exceptional circumstances exist, the requirement of a guilty plea may be waived. Sentencing is deferred. Upon successful completion of the judicial diversion program, CPL 216.05 allows, among other outcomes, the withdrawal of defendant’s plea and the entry of a plea to a misdemeanor and the imposi *1119 tion of a sentence upon that plea. The statute also allows the withdrawal of defendant’s guilty plea and the dismissal of the indictment. If defendant does not successfully complete the judicial diversion program, the court then sentences the defendant in accordance with the terms of the Drug Court agreement. Accordingly, it is clear from the provisions of CPL 216.05 that the entire framework is based upon the deferral of sentencing by the court. In those cases where successful completion results in dismissal, no sentence is ever imposed. (See CPL 216.05 [9] [c], [e].)
Chapter 56 of the Laws of 2009 also created a new provision for the conditional sealing of the record of a defendant who successfully completes a judicial diversion program (CPL 160.58). It also provides that the defendant could have up to three eligible prior misdemeanor convictions conditionally sealed. However, as drafted, this provision only applies to those defendants who, despite having successfully completed a judicial diversion program, still have a conviction stemming from the underlying case and have completed the sentence imposed on that conviction. Where, as in this case, the defendant has been allowed to withdraw his plea and the case has been dismissed without sentence ever having been imposed, the conditional sealing provisions of CPL 160.58, literally, do not apply. Although CPL 160.58 (2) makes reference to “[t]he court that sentenced the defendant to a judicially sanctioned drug treatment program,” admission into a judicial diversion program under CPL article 216 is not a sentence. (But cf. People v Smith, Sup Ct, NY County, Aug. 8, 2011, Padro, J., indictment No. 0234/09 [holding that a diversion mandate is the equivalent of a conditional sentence which entitles defendant to sealing under CPL 160.58].)
Similarly, the sealing provisions of CPL 160.50 do not apply to a defendant who has successfully completed a drug diversion mandate and has had his or her case dismissed. CPL 160.50 provides for the sealing of the records of a criminal action or proceeding when that action or proceeding terminates in favor of the defendant. The statute lists those instances when an action or proceeding is considered to have been favorably terminated for purposes of sealing. Although the successful completion of a drug diversion mandate and the dismissal of the case is clearly a favorable termination, this favorable termination is not among those listed in CPL 160.50. Accordingly, pursuant to a plain reading of the statute, a dismissal *1120 following the successful completion of a diversion mandate does not qualify for sealing under CPL 160.50.
This court has previously written on this issue in People v JG (36 Misc 3d 399 [2012]). While this court did order sealing in that case under CPL 160.50, there were compelling factors which required such a result. Those factors are not present in this case.
The Drug Court agreement entered into between the defendant JG and a predecessor court erroneously contained language promising the defendant that the court would consider sealing the records of JG’s case upon successful completion of the drug court mandate and dismissal of the charges. This court felt constrained to honor the prior signatory court’s sealing promise under the principle of essential fairness as well as the obligation of a court to effectuate the purpose and intent of a plea agreement. (See People v McConnell, 49 NY2d 340 [1980]; People v Labode, 280 AD2d 400 [1st Dept 2001], lv denied 96 NY2d 831 [2001].) Under those circumstances, this court concluded that the interests of justice required sealing.
Consistent with this court’s practice, the Drug Court agreement between this court and Mr. Batista contained no such erroneous sealing promises. Despite the fact that all charges have been dismissed, the court lacks statutory authority to order sealing in this case. This result, though required by statute, is clearly at odds with the goals of judicial diversion and with the public policy supporting the sealing statutes. As it did in People v JG, this court again calls upon the legislature to address this anomaly.
The defendant’s motion to seal is hereby denied.