■ In the Matter of JOSEPH LAVERONI, Petitioner, v KENNETH K. ROHL, Respondent.—Proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the respondent from resentencing him or remanding him on Suffolk County Superior Court Information Number W912/86.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

On January 4, 1991, the petitioner was validly sentenced, pursuant to a negotiated plea agreement, to 90 days imprisonment, with credit given for 30 days already served, upon an adjudication that he had violated the terms and conditions of a term of imprisonment previously imposed by judgment of the same court rendered February 3, 1987. The respondent then granted the petitioner a brief stay of execution of the sentence, until February 15, 1991. On February 15, 1991, the case was again adjourned until April 12, 1991, at which time the respondent mistakenly resentenced the petitioner to an unconditional discharge. The court later realized its error, informed the petitioner that it considered the January 4,

1991, sentence to be the only valid sentence, and requested that the petitioner again appear before it. The petitioner commenced the instant proceeding in an attempt to bar the execution of the sentence imposed January 4, 1991, or to bar imposition of a further resentence, on the ground that the respondent is without authority to modify the sentence of an unconditional discharge.

The petition is denied and the proceeding is dismissed. Having been validly and properly sentenced on January 4, 1991, the purported resentence of April 12, 1991, was a nullity. A court has the inherent power to correct its own error in accepting a plea or imposing a sentence when that error is clear from the face of the record, as it is here *(see, Matter of Campbell v Pesce,* 60 NY2d 165, 168; *People v Minaya,* 54 NY2d 360, 364, *cert denied* 455 US 1024; *Matter of Kisloff v Covington,* 73 NY2d 445, 450),* and the respondent properly recalled the petitioner to vacate the purported resentence and execute the sentence imposed January 4, 1991. As the court is not threatening to act in excess of its power, a writ of prohibition is not available *(see, Matter of Holtzman v Goldman,* 71 NY2d 564; *Matter of Rush v Mordue,* 68 NY2d 348, 353).* Mangano, P. J., Thompson, Bracken, Eiber and Miller, JJ., concur.