■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIE MONEREAU, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Giaccio, J.), rendered May 14, 1991, convicting her of criminal possession of a controlled substance in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the amended judgment is affirmed.

As part of a negotiated plea bargain, the defendant pleaded guilty to attempted criminal possession of a controlled substance in the first degree, a class A-I felony (see, Penal Law §§ 220.21, 110.05 [1]) and received an illegally low sentence of three years to life imprisonment, which is the minimum

permissible sentence for a class A-II felony *(see,* Penal Law § 70.00 [3] [a] [ii]; [2] [a]). The record reveals that at the plea proceeding, the parties were under the mistaken impression that the crime of attempted criminal possession of a controlled substance in the first degree was a class A-II felony, which would have permitted the imposition of the agreed-upon minimum permissible sentence of three years to life imprisonment.

After the sentence had been imposed, the court became aware of the error and recalled the defendant and her attorney before it. An amended plea to the class A-II felony of criminal possession of a controlled substance in the second degree was offered and accepted and the defendant was resentenced to the bargained-for prison term of three years to life imprisonment. On appeal, the defendant argues, *inter alia,* that the court lacked the authority to conform the record to the parties' stated intent that the defendant plead guilty to a class A-II felony. We disagree.

It is well settled that "[a] court has the inherent power to correct its own error in accepting a plea or imposing sentence when the error is clear from the face of the record as it is here" *(Matter of Laveroni v Rohl,* 175 AD2d 163, 164; *People v Wright,* 56 NY2d 613; *People v Minaya,* 54 NY2d 360, cert denied 455 US 1024; *see also, Matter of Kisloff v Covington,* 73 NY2d 445; *Matter of Campbell v Pesce,* 60 NY2d 165). Here, the court's ameliorative action—to which defense counsel consented—was ministerial in nature and fully comported with the expectations of the court, the prosecutor, and the defendant at the time the plea was originally entered and sentence imposed *(see, Matter of Campbell v Pesce, supra; People v Wright, supra; see also, Matter of Laveroni v Rohl, supra).* The cases on which the defendant relies are distinguishable *(see, Matter of Kisloff v Covington, supra; Matter of Campbell v Pesce, supra).* In both *Kisloff* and *Campbell* the Trial Justice sought to vacate previously entered pleas to misdemeanors and then attempted to either reinstate the original felony indictment counts *(Matter of Campbell v Pesce, supra),* or proposed that the defendant enter a new plea to a more serious crime *(Matter of Kisloff v Covington, supra; see, People v Calderon,* 79 NY2d 61; *see also, People v Moquin,* 77 NY2d 449). Here, in contrast, the court's unobjected-to remedial action resulted in an amended plea to a less serious crime and the imposition of the same, minimum permissible prison term to which the defendant had voluntarily and knowingly agreed as part of her plea agreement *(cf., Matter of Laveroni v*

*Rohl, supra).* In light of the foregoing, the defendant is not entitled to the vacatur of the amended plea.

We have reviewed the defendant's remaining contention and find it to be without merit. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.