■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS COLON, Appellant. [723 NYS2d 364] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered May 12, 1999, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the first degree, and sentencing him to a term of 8 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction and substituting a conviction of attempted criminal possession of a controlled substance in the second degree, and otherwise affirmed.

The parties were under the mistaken impression that defendant was pleading guilty to a class A-II felony, when, in fact, he pleaded guilty to a class A-I felony. In order to effectuate the clear purpose and intent of the plea agreement, defendant's conviction should be modified to the extent indicated (*People v Labode*, 280 AD2d 400). However, defendant is not entitled to vacatur of his plea (*id.*; *People v Monereau*, 181 AD2d 918, *lv denied* 79 NY2d 1052). Defendant's plea was not induced by an unfulfilled promise; on the contrary, he received the precise

sentence for which he bargained, and any question of the legality of that sentence has been rendered academic by this Court's corrective action.

Defendant's waiver of his right to appeal, which included the waiver of the right to challenge his sentence as excessive, was knowing, voluntary and intelligent. Accordingly, review of this claim is precluded (*People v Seaberg*, 74 NY2d 1). In any event, we perceive no basis for reduction of sentence. Concur—Williams, J. P., Wallach, Lerner, Rubin and Friedman, JJ.