■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY J. ROWE, Appellant. [726 NYS2d 605] —Rose, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered August 11, 1999, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant pleaded guilty to robbery in the second degree as a juvenile offender and was thereafter sentenced to 2 to 6 years' imprisonment. Defendant appeals contending that his guilty plea was not voluntary because he was under the care of a psychiatrist and receiving medication. He further contends that he received ineffective assistance of counsel due to counsel's failure to request a CPL article 730 examination and advise him of the time within which to file an appeal.

Initially, these issues are not preserved for our review inasmuch as defendant has not moved either to withdraw his plea or vacate the judgment of conviction (see, People v Coppaway, 281 AD2d 754; People v Beekman, 280 AD2d 784; People v Millis, 266 AD2d 581, lv denied 94 NY2d 826). Were we to consider the merits, we would find that there is nothing in the record to indicate that a CPL article 730 examination was warranted. Furthermore, defendant entered into a knowing, voluntary and intelligent guilty plea and was not denied the effective assistance of counsel (see, People v Doty, 267 AD2d 616, 617). Although defendant stated during the plea allocution that he was in a psychiatric facility and was currently taking ritalin, County Court adequately inquired to determine that defendant's ability to understand the proceedings was not impaired (see, id.; People v Stonis, 246 AD2d 911, lv denied 92 NY2d 883). Further, although trial counsel apparently did not advise defendant of the time within which to file a notice of appeal, defendant has not suffered any prejudice as a result of this failure (see, e.g., People v Swackhammer, 260 AD2d 939, 941, lv denied 93 NY2d 1028).

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.