■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON A. DOWICYAN, Appellant. [796 NYS2d 541]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered November 12, 2002, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he did not knowingly and voluntarily enter his plea of guilty. However, his claim is unpreserved for appellate review since he failed to move either to withdraw his plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Randall*, 295 AD2d 453, 454 [2002]; *People v Harrell*, 288 AD2d 489 [2001]).

The defendant's claim that he was denied the effective assistance of counsel because his attorney failed to request a competency hearing pursuant to CPL article 730 and failed to pursue a justification defense is unpreserved for appellate review (*see People v Vatore*, 303 AD2d 607 [2003]; *People v Konstantinides*, 295 AD2d 537, 539 [2002]; *People v Rowe*, 284 AD2d 796 [2001]).

In any event, such claims are without merit. The defendant's plea was knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9 [1983]), and he was afforded meaningful representation (*see People v Baldi*, 54 NY2d 137 [1981]).

Further, the trial court was not required to order a competency hearing since the record was devoid of any evidence that the defendant was incompetent at the time of the plea (*see People v Rowe, supra*).

The defendant's remaining contention is without merit. Prudenti, P.J., Cozier, Santucci and Lifson, JJ., concur.