■ The People of the State of New York, Respondent, v Kristopher Surdis, Appellant. [805 NYS2d 433]—

Cardona, P.J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 18, 2004, which resentenced defendant following his conviction of the crime of attempted falsely reporting an incident in the first degree.

Defendant, an inmate at Sullivan Correctional Facility in Sullivan County, was indicted and charged with several crimes in connection with him having mailed threatening letters to businesses in Delaware and Ulster counties. Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of falsely reporting an incident in the first degree and was sentenced, as a second felony offender, to 2 to 4 years in prison. It was later ascertained, however, that inasmuch as defendant pleaded guilty to a class D violent felony (see Penal Law § 70.02 [1] [c]), the imposition of an indeterminate term of imprisonment was impermissible (see Penal Law § 70.06 [6]). Accordingly, upon the People's motion, defendant's conviction was reduced to the lesser included class E felony of attempted falsely reporting an incident in the first degree (see Penal Law §§ 110.00, 240.60 [1]) and he was resentenced, nunc pro tunc, to the indeterminate sentence previously imposed. Defendant now appeals.

Initially, we are unpersuaded by defendant's claim that County Court erred in modifying his conviction. From the inception of the plea negotiations through the plea itself, it was expressly contemplated by all parties that defendant would receive a 2 to 4-year prison sentence in exchange for his plea of guilty. In order to effectuate the sentence defendant bargained for and received (see People v Selikoff, 35 NY2d 227, 241 [1974], cert denied 419 US 1122 [1975]), County Court reasonably exercised its discretion in accepting the People's offer to reduce

the conviction to a class E felony in order to render the corresponding sentence lawful. Notably, defendant expressly consented to this beneficial arrangement via counsel and at no time did he seek to vacate his plea of guilty. Accordingly, under the circumstances, we find no error in the method that County Court employed to achieve the sentence which defendant was promised (see *People v Sheils*, 288 AD2d 504, 505-506 [2001], *lv denied* 97 NY2d 733 [2002]; *People v Monereau*, 181 AD2d 918, 919 [1992], *lv denied* 79 NY2d 1052 [1992]; *see also People v Colon*, 282 AD2d 332, 332 [2001], *lv denied* 96 NY2d 917 [2001]; *People v Labode*, 280 AD2d 400, 400-401 [2001], *lv denied* 96 NY2d 831 [2001]; *People v Rozo*, 196 AD2d 514 [1993], *lv denied* 82 NY2d 853 [1993]; *People v Laino*, 186 AD2d 226, 226 [1992], *lv denied* 80 NY2d 975 [1992]).

With regard to defendant's claim that County Court erred in accepting his plea of guilty without first ordering a competency hearing, we note that " '[a] defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him [or her]' " (*People v Medina*, 249 AD2d 694, 694 [1998], quoting *People v Planty*, 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]; *accord People v Kron*, 8 AD3d 908, 908-909 [2004], *lvs denied* 3 NY3d 708, 758 [2004]). Although there is some indication that County Court was aware of defendant's past psychological problems, the court's knowledge of a past diagnosis is not dispositive (see *People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]), especially in light of defendant's cogent and lucid communications with the court. Upon this record, we discern no abuse of discretion in County Court's refusal to order a CPL article 730 examination (see *People v Stonis*, 246 AD2d 911, 911-912 [1998], *lv denied* 92 NY2d 883 [1998]).

Defendant's remaining contentions do not warrant extended discussion. Defendant consented to having his future correspondence and telephone communications monitored by corrections officials in order to prevent reoccurrence of the conduct which led to the instant conviction. Moreover, given defendant's history, which includes numerous similar charges over the last decade (see *e.g. People v Surdis*, 275 AD2d 553 [2000], *lv denied* 95 NY2d 908 [2000]), as well as the legitimate penological interests at play, it cannot be said that oversight of defendant's communications constitutes an overly broad abridgement of his First Amendment freedoms (see generally *Matter of Milburn v McNiff*, 81 AD2d 587 [1981]).

To the extent that defendant claims that the People failed to comply with CPL 400.21 (2) and (3), we conclude that "defendant waived strict compliance by acknowledging [his] prior felony conviction in open court and not objecting to County Court's finding as to the prior conviction" (*People v Dukes*, 14 AD3d 732, 733 [2005], *lv denied* 4 NY3d 885 [2005], quoting *People v Kennedy*, 277 AD2d 814, 815, [2000], *lv denied* 96 NY2d 760 [2001]). Finally, defendant's claim that his guilty plea was the consequence of the ineffective assistance of counsel is unpreserved (*see People v Champion*, 20 AD3d 772, 772-773 [2005]; *People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]) and, in any event, unpersuasive (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.