■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. TROTTER, Appellant. [813 NYS2d 811]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 9, 2005, convicting defendant upon his plea of guilty of the crime of conspiracy in the second degree.

In the spring of 2005, defendant pleaded guilty to conspiracy in the second degree and was sentenced to 6 to 18 years in prison. In the plea colloquy, defendant admitted to plotting the murder of a woman he had been accused of raping in order to prevent her from testifying. Although defendant agreed to waive his right to appeal in conjunction with his plea, he now appeals,

claiming that County Court should have ordered a competency hearing prior to accepting his plea, that his plea was otherwise involuntary and his sentence was excessive.

As to the issue of defendant's competency, it is well established that " '[a] defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him [or her]' " (*People v Medina,* 249 AD2d 694, 694 [1998], quoting *People v Planty,* 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]; *accord People v Surdis,* 23 AD3d 841, 843 [2005], *lv denied* 6 NY3d 818 [2006]). Here, given defendant's coherent responses to County Court's questioning during the plea colloquy and his lucid statements at the time of sentencing, we cannot conclude that County Court abused its discretion (*see People v Morgan,* 87 NY2d 878, 879-880 [1995]) in not mandating a competency hearing, irrespective of the fact that the court was made aware of defendant's past mental health issues in the presentence investigation report (*see People v Tortorici,* 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]; *People v Surdis, supra* at 843).

Defendant next claims that his guilty plea was rendered involuntary by his trial counsel's inaccurate assurances that the sentence imposed would be subject to reduction on appeal. Inasmuch as defendant has not moved to withdraw his plea or vacate the judgment of conviction, that claim is unpreserved for this Court's review (*see People v Champion,* 20 AD3d 772, 772-773 [2005]; *People v Fulford,* 296 AD2d 661, 662 [2002]). Regardless, upon our review of the record, we find the claim to be unsupported and conclude that the plea was knowing, intelligent and voluntary (*see People v Hodges,* 13 AD3d 979, 980 [2004]; *see also People v Ramos,* 63 NY2d 640, 642-643 [1984]).

Turning to defendant's argument concerning his sentence, we must first address defendant's purported waiver of appeal. As the Court of Appeals recently stated, "[w]hen a trial court characterizes an appeal as one of the many rights automatically extinguished upon entry of a guilty plea, a reviewing court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights. The record must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez,* 6 NY3d 248, 256 [2006]). In the instant case, County Court asked defendant during the plea allocution if he understood that he was giving up his "right to ap-

peal this process." No further colloquy with defendant "explaining the right relinquished by an appeal waiver" (*id.* at 253) appears in the record. Assuming that this inquiry was insufficient to fully apprise defendant of the discrete rights being relinquished by operation of the appeal waiver (*compare id.* at 257, *affg People v Nicholson,* 15 AD3d 237 [2005]; *see generally People v Callahan,* 80 NY2d 273, 280 [1992]), there exists no bar to defendant's invocation of this Court's interest of justice jurisdiction concerning his sentence (*see People v Lopez, supra* at 255-256; *People v Kemp,* 10 AD3d 811 [2004], *lv denied* 4 NY3d 765 [2005]). However, having found no extraordinary circumstances or abuse of discretion on the part of County Court, and in light of the nature of the crime committed, we decline to reduce the bargained-for sentence in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Delgado,* 80 NY2d 780, 783 [1992]; *People v McCarthy,* 23 AD3d 919, 919-920 [2005]).

Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.