■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROYAL HARRISON, Appellant. [839 NYS2d 272]—Appeals (1) from a judgment of the County Court of Schenectady County (Hoye, J.), rendered April 28, 2004, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree (two counts), criminal possession of a weapon in the second degree and grand larceny in the third degree, and (2) by permission, from an order of said court (Drago, J.), entered May 8, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant allegedly entered a K-Mart department store, displayed a handgun, took a money bag from an armed guard and fled in his car. He was apprehended by police shortly thereafter and ultimately charged in an indictment with two counts of robbery in the first degree, two counts of criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and grand larceny in the third degree. He pleaded guilty to all of the charges contained in the indictment,

waiving his right to appeal.* He was sentenced to an aggregate term of 10 years in prison, to be followed by a five-year period of postrelease supervision. Defendant then moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was incapable of entering a knowing, voluntary and intelligent guilty plea because his mental status was impaired due to a prior head injury. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

Defense counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. We disagree. The record reveals that defendant, who has a minimal criminal record, suffered a serious head injury prior to the incident in question that may have impaired his cognitive abilities. Accordingly, we find that there exists at least one issue of "arguable merit" relating to the voluntariness of the plea and waiver, as well as the propriety of the denial of defendant's CPL 440.10 motion, warranting further review (*People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]). Defense counsel's application is granted and new counsel will be assigned to address any issues that the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys, supra*).

Mercure, J.P., Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.

---

* The third and fourth counts of the indictment, two counts of criminal use of a firearm in the first degree, were dismissed as being "noninclusory concurrent count[s] to robbery in the first degree."