■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN PIZETZKY, Appellant. [846 NYS2d 589]—Appeal by the defendant from a judgment of the County Court, Suffolk County

(Gazzillo, J.), rendered September 28, 2004, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a sentenced federal prisoner, was produced from federal custody to appear in proceedings in Suffolk County with respect to the instant indictment. On appeal, he contends that his conviction should be reversed and the indictment dismissed because he was returned to federal custody prior to a trial on this indictment, and therefore Suffolk County violated his rights under article IV (e) of the Interstate Agreement on Detainers, which directs that an indictment be dismissed where "trial is not had" on such indictment "prior to the prisoner's [sic] being returned to the original place of imprisonment" (CPL 580.20 [IV] [e]; see generally Alabama v Bozeman, 533 US 146 [2001]). However, appellate review of this issue is foreclosed by his plea of guilty (see People v Parilla, 8 NY3d 654 [2007]; People v Hansen, 95 NY2d 227 [2000]), as well as by his knowing, voluntary, and intelligent waiver of the right to appeal (see People v Dixon, 41 AD3d 861 [2007], lv denied 9 NY3d 922 [2007]; People v Barnes, 41 AD3d 613 [2007], lv denied 9 NY3d 921 [2007]). Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.