■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROYAL HARRISON, Appellant. [859 NYS2d 511]—

Mercure, J.P. Appeals (1) from a judgment of the County Court of Schenectady County (Hoye, J.), rendered April 28, 2004, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree (two counts), criminal possession of a weapon in the second degree and grand larceny in the third degree, and (2) by permission, from an order of said court (Drago, J.), entered May 8, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In December 2002, defendant allegedly entered a K-Mart department store in the Town of Glenville, Schenectady County, pointed a gun at an armed guard, and demanded money. After fleeing the store with a money bag, defendant led police on a chase until he was apprehended. He thereafter confessed his involvement in the crime and was charged in an indictment with robbery in the first degree (two counts), criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree and grand larceny in the third degree. He ultimately pleaded guilty as charged,* waiving his right to appeal.

County Court (Hoye, J.) sentenced defendant to an aggregate prison term of 10 years with five years of postrelease supervision. In addition, the court (Drago, J.) denied defendant's subsequent CPL 440.10 motion seeking to vacate the judgment on the ground that a mental disease or defect rendered him

---

* Counts four and three of the indictment, charging criminal use of a firearm in the first degree, were dismissed at sentencing by County Court, without objection from the parties.

incapable of entering a plea. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion. This Court previously withheld decision after rejecting an *Anders* brief (41 AD3d 974 [2007]); we now affirm.

Defendant asserts that his plea was not voluntary, claiming that he was incompetent and confused at the time of the plea due to a traumatic brain injury suffered prior to the incident giving rise to the charges against him. He further argues that he was deprived of the effective assistance of counsel as a result of counsel's failure to request a CPL article 730 hearing. Defendant's challenges implicate the voluntariness of his plea and, thus, survive his waiver of the right to appeal (*see e.g. People v Jones*, 30 AD3d 633, 633 [2006], *lv denied* 7 NY3d 849 [2006]). We reject his arguments, however, as unpersuasive.

Although the record evinces that defendant suffers from cognitive defects and mental illness as a result of an accident in which his skull was fractured after he fell 80 feet in a bulldozer, "[a] trial court is not required to hold a CPL article 730 hearing simply because a defendant has a history of mental illness, and such a history does not necessarily render a defendant incompetent to enter a knowing and voluntary plea" (*People v Barclay*, 1 AD3d 705, 706 [2003], *lv denied* 1 NY3d 567 [2003] [citations omitted]; *see People v Mears*, 16 AD3d 917, 918 [2005]; *People v Rowe*, 284 AD2d 796, 796 [2001], *lv denied* 97 NY2d 643 [2001]). Here, defendant actively participated in the lengthy plea colloquy, intelligently answered County Court's inquiries, interrupted the proceeding to ask his attorney questions, acknowledged the consequences of the waiver of his rights, and indicated both that he understood the proceedings and was feeling "[f]ine." When defendant informed the court that he was taking Prozac and other medications, the court adequately inquired into his ability to understand the proceedings and to consent to his plea. Inasmuch as there is nothing in the record to indicate that defendant was incompetent at the time of the plea and, indeed, counsel had previously acknowledged that defendant had the capacity to understand the proceedings, County Court did not abuse its discretion by accepting the plea without holding a competency hearing (*see People v Mears*, 16 AD3d at 918; *People v Barclay*, 1 AD3d at 706; *People v Rowe*, 284 AD2d at 796; *see also People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]; *People v Totman*, 269 AD2d 617, 618 [2000], *lv denied* 95 NY2d 839 [2000]).

Moreover, under these circumstances and given the favorable plea agreement negotiated by counsel, defendant's assertion

that he was denied meaningful representation lacks merit (*see People v Keebler*, 15 AD3d 724, 726-727 [2005], *lv denied* 4 NY3d 854 [2005]; *People v Barclay*, 1 AD3d at 706-707; *People v Medina*, 249 AD2d 694, 694-695 [1998]). Finally, because defendant's claim that he was incompetent at the time of the plea is contradicted by the plea allocution and he failed to submit any medical evidence to further substantiate that claim, County Court properly denied his CPL 440.10 motion without a hearing (*see People v Bunce*, 45 AD3d 982, 985 [2007], *lv denied* 10 NY3d 809 [2008]; *People v Passino*, 25 AD3d 817, 818-819 [2006], *lv denied* 6 NY3d 816 [2006]; *People v Brown*, 23 AD3d 702, 702-703 [2005], *lv denied* 6 NY3d 774 [2006]).

Defendant's remaining arguments are precluded by his waiver of the right to appeal.

Spain, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment and order are affirmed.