(May 27, 2010)

■ The People of the State of New York, Respondent, v Lamar L. Majors, Appellant. [901 NYS2d 424]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Daley, J.), rendered September 4, 2007, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

In full satisfaction of a five-count indictment, defendant pleaded guilty to the crime of attempted robbery in the second degree. Pursuant to the plea agreement, defendant was to be sentenced, as a second felony offender, to a term of four years in prison, to be followed by five years of postrelease supervision. County Court admonished defendant that if he was arrested while out on bail awaiting sentencing, then it would not be bound by the plea agreement and could impose a harsher sentence than that initially agreed upon. Prior to sentencing, defendant was arrested on various charges and County Court thereafter sentenced defendant to a prison term of 4½ years, to be followed by five years of postrelease supervision. Defendant's subsequent CPL article 440 motion to vacate the judgment of conviction was denied and he was denied permission to appeal that order. He now appeals from the judgment of conviction and we affirm.

Defendant contends that County Court erred in accepting his guilty plea without first ordering a competency examination pursuant to CPL article 730. In that regard "[a] defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him [or her]" (*People v Planty*, 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]; *see People v Surdis*, 23 AD3d 841, 843 [2005], *lv denied* 6 NY3d 818 [2006]). Notably, "[a] trial court is not required to hold a CPL article 730 hearing simply because a defendant has a history of mental illness" (*People v Barclay*, 1 AD3d 705, 706 [2003], *lv denied* 1 NY3d 567 [2003]; *see People v Harrison*, 52 AD3d 969, 970 [2008], *lv denied* 11 NY3d 737 [2008]). Here, de-

spite evidence that defendant suffers from mental illness, the record reflects that defendant participated in the plea colloquy, intelligently answered County Court's questions and indicated that he understood the proceedings and the consequences of his guilty plea. As there is nothing in the record to indicate that defendant lacked the capacity to assist in his defense or understand the proceedings, we conclude that it was not an abuse of discretion for County Court to accept defendant's plea without ordering a competency hearing (*see People v Surdis*, 23 AD3d at 843; *People v Stonis*, 246 AD2d 911, 911-912 [1998], *lv denied* 92 NY2d 883 [1998]). Further, under these circumstances, and in light of the favorable plea agreement negotiated by counsel, we also reject defendant's argument that he was denied the effective assistance of counsel due to defense counsel's failure to request a CPL article 730 competency hearing (*see People v Harrison*, 52 AD3d at 970-971; *People v Barclay*, 1 AD3d at 706-707).

Finally, defendant's claim that County Court improperly enhanced his sentence is not preserved for review due to his failure to object at the time of the enhanced sentence or to move to withdraw his plea or vacate the judgment of conviction on this ground (*see People v Haynes*, 14 AD3d 789, 790-791 [2005], *lv denied* 4 NY3d 831 [2005]; *People v Perkins*, 291 AD2d 925, 926 [2002], *lv denied* 98 NY2d 654 [2002]). In any event, given County Court's clear warning that it could impose a harsher sentence if defendant was arrested while awaiting sentence and defendant's failure to contest the validity of the postplea arrests, we conclude that the enhancement of defendant's sentence was appropriate (*see People v Perez*, 35 AD3d 1030, 1031-1032 [2006], *lv denied* 9 NY3d 868 [2007]).

Peters, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.