■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE LAFOE, Appellant. [905 NYS2d 679]—

Garry, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered July 25, 2008, convicting defendant upon her plea of guilty of the crimes of burglary in the second degree and burglary in the third degree.

In full satisfaction of two indictments, defendant pleaded guilty to the crimes of burglary in the second degree and burglary in the third degree. She was thereafter sentenced pursuant to the plea agreement to a prison term of eight years for the burglary in the second degree conviction, to be followed by five years of postrelease supervision, and 2⅓ to 7 years for the burglary in the third degree conviction, with the sentences to run concurrently. Defendant now appeals and we affirm.

Defendant argues that her plea was not voluntary due to County Court's failure to hold a CPL article 730 competency hearing after she informed the court during the plea colloquy that she suffers from a bipolar disorder. Despite being informed by defendant of her alleged mental disorder, "[a] trial court is not required to hold a CPL article 730 hearing simply because a defendant has a history of mental illness, and such history does not necessarily render a defendant incompetent to enter a knowing and voluntary plea" (*People v Barclay*, 1 AD3d 705, 706 [2003] [citations omitted], *lv denied* 1 NY3d 567 [2003]; *accord People v Harrison*, 52 AD3d 969, 970 [2008], *lv denied* 11 NY3d 737 [2008]). Here, the record reflects that defendant actively participated in the plea colloquy, answered County Court's questions intelligently, acknowledged that she understood the consequences of the plea and the nature of the proceedings, had conferred with counsel and accepted the terms of the plea agreement. As there is nothing in the record indicating that defend-

ant lacked the capacity to enter a knowing, intelligent and voluntary plea, it was not an abuse of discretion for County Court to accept the plea without holding a competency hearing (*see People v Sorey*, 55 AD3d 1063, 1064 [2008], *lv denied* 11 NY3d 930 [2009]; *People v Harrison*, 52 AD3d at 970). For the same reason, we reject defendant's further contention that she was deprived of the effective assistance of counsel due to counsel's failure to request a competency hearing (*see People v Jenks*, 69 AD3d 1120, 1122 [2010], *lv denied* 14 NY3d 841 [2010]). Finally, defendant's claim that she was deprived of the effective assistance of counsel due to counsel's failure to inform her of a potential diminished capacity defense involves matters that fall outside of the record and is more properly the subject of a CPL article 440 motion (*see People v Borom*, 55 AD3d 1041, 1042 [2008]).

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.