■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REX ANDREWS JR., Appellant. [911 NYS2d 221]—

Garry, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 23, 2009, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, criminal possession of a weapon in the third degree and assault in the third degree.

Defendant was indicted on four counts following an alterca-

tion that occurred in September 2008 on the victim's property in the City of Elmira, Chemung County. The victim, who had previously noticed that a garage door upon his property had been tampered with and items had been stored inside, found defendant in the garage. After an initial verbal confrontation, defendant allegedly attacked the victim with a hammer,[1] they struggled, and the victim suffered a broken ankle. Defendant fled and was apprehended nearby minutes later.

After a jury trial, defendant was acquitted of attempted murder in the second degree, but convicted of attempted assault in the first degree, assault in the third degree as a lesser included offense of assault in the second degree, and criminal possession of a weapon in the third degree. Before sentencing, defendant's challenge to his status as a second violent felony offender was rejected.[2] County Court (Hayden, J.) thereafter sentenced defendant as a second violent felony offender to an aggregate prison term of 15 years and five years of postrelease supervision. Defendant appeals.

Defendant failed to preserve his challenges to the legal sufficiency of his convictions by renewing his unsuccessful motion to dismiss the charges at the close of all proof, after presenting evidence (see People v Lane, 7 NY3d 888, 889 [2006]; People v Vargas, 72 AD3d 1114, 1116 [2010], lv denied 15 NY3d 758 [2010]). However, defendant also challenges the weight of the evidence supporting his convictions (see People v Bleakley, 69 NY2d 490, 495 [1987]), and our review in that regard necessarily includes the sufficiency of the evidence as to the elements of the charged crimes (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Morrison, 71 AD3d 1228, 1229 [2010], lv denied 15 NY3d 754 [2010]; People v Vargas, 72 AD3d at 1116).

First, with regard to the conviction for attempted assault in the first degree, we are unpersuaded by defendant's contention that the evidence did not demonstrate that he intended to cause serious physical injury or that he came dangerously close to doing so (see Penal Law §§ 110.00, 120.10 [1]). The victim testified that defendant warned that he should not have dialed 911, and stated that he had "something for [the victim]" before taking the hammer out of his backpack. According to the victim, defendant repeatedly swung the hammer at his head in violent, vertical strokes that the victim was able to avoid only by deflect-

---

**1.** The tool, described in the record as a carpenter's hammer, combined a hammerhead and an axe blade.

**2.** Upon defendant's motion, Judge Hayden recused himself from determining defendant's predicate offender status, so this issue was heard and decided by Judge Buckley.

ing the blows with a broomstick. The victim's 13-year-old son was present and corroborated this account. Thus, despite defendant's testimony that the hammer merely fell from his backpack and that he did not strike or try to strike the victim with it, there was ample evidence from which the jury could justifiably conclude that he came "dangerously near" to causing serious physical injury to the victim (*People v Bonney*, 69 AD3d 1116, 1117 [2010], *lv denied* 14 NY3d 838 [2010] [internal quotation marks omitted]). Moreover, defendant's intent to cause such injury was readily inferred from the surrounding circumstances and his conduct and statements (*see People v Malcolm*, 74 AD3d 1483, 1485 [2010]; *People v Carter*, 74 AD3d 1375, 1377 [2010], *lv denied* 15 NY3d 772 [2010]).

With regard to his conviction for assault in the third degree, defendant contends that there was no evidence that the hammer blows to the victim's head caused "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]) or that he intended to fracture the victim's ankle. However, the weight of the credible evidence establishes that the fracture occurred when the victim fell while attempting to repel defendant's hammer attack. Thus, the fracture was a direct result of defendant's conduct, and the jury justifiably concluded that defendant caused physical injury with the intent to do so (*see* Penal Law § 120.00 [1]). Finally, the weight of the credible evidence demonstrates that defendant possessed a dangerous instrument with the intent to use it unlawfully against the victim and therefore supports his conviction for criminal possession of a weapon in the third degree (*see* Penal Law § 10.00 [13]; § 265.01 [2]; § 265.02 [1]; *People v Sullivan*, 300 AD2d 689, 691 [2002], *lv denied* 100 NY2d 587 [2003]).

Next, defendant contends that he received ineffective assistance of counsel because his attorney did not request a justification charge. However, when such a charge is unwarranted by the facts, the failure to request it does not constitute ineffective assistance (*see People v Peele*, 73 AD3d 1219, 1222 [2010]). Here, no reasonable view of the evidence supported a justification charge (*see People v Cox*, 92 NY2d 1002, 1004 [1998]; *People v Ham*, 67 AD3d 1038, 1039 [2009]). Even if, as defendant insisted, he was not the initial aggressor, there was no evidence that the victim used or attempted to use "unlawful" force (Penal Law § 35.15 [1]; *see* Penal Law § 35.20 [2]; § 35.30 [4]). A justification defense would not have permitted defendant to use more force than he reasonably believed necessary to defend himself (*see* Penal Law § 35.15 [1]; *People v Brunson*, 68 AD3d 1551, 1553-1554 [2009], *lv denied* 15 NY3d 748 [2010]), and

nothing in defendant's account of events suggested that he could reasonably have believed it was necessary to strike the victim in the head with a hammer. Finally, since defendant's primary defense consisted of his claim that he did not wield the hammer at all, his counsel may have concluded for strategic reasons that a claim that he was justified in doing so would have compromised his principal defense strategy (*see People v Valdez*, 69 AD3d 452, 453 [2010], *lv denied* 14 NY3d 893 [2010]).

Defendant further claims that his counsel provided ineffective assistance by failing to request a competency hearing pursuant to CPL article 730 or to object to a psychiatrist's report that found him competent to stand trial in spite of certain delusional beliefs and a history of mental illness.[3] We disagree. A competency hearing is not required simply because a defendant has a history of mental illness (*see People v Lafoe*, 75 AD3d 663, 663 [2010]) or suffers from delusional thoughts or beliefs (*see People v Tortorici*, 92 NY2d 757, 768-769 [1999], *cert denied* 528 US 834 [1999]; *People v Dewey*, 18 AD3d 894, 895 [2005]). Defendants are presumed to be competent, and a hearing is required only when there are "reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his . . . own defense or of understanding the proceedings against him" (*People v Planty*, 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]; *see People v Davenport*, 58 AD3d 892, 894 [2009], *lv denied* 12 NY3d 782 [2009]). Here, the record indicates that although defendant did hold certain delusional ideas—for example, the belief that he owned the victim's garage—he fully understood the allegations against him and was able to make strategic decisions with his attorney and interact coherently with County Court during the proceedings (*see People v Majors*, 73 AD3d 1382, 1383 [2010], *lv denied* 15 NY3d 775 [2010]). Moreover, when defendant's counsel broached the question of his competency before trial, the court noted that defendant exhibited no confusion about the proceedings and found no basis to order a competency examination. Under such circumstances, his counsel did not fail to provide him with "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]) by declining to further pursue the competency issue (*see People v Dupont*, 268 AD2d 612, 614 [2000], *lv denied* 95 NY2d 834 [2000]).

We disagree with defendant's contention that County Court (Buckley, J.) erred in finding him to be a second violent felony offender based on his 1995 conviction for assault in the second

---

**3.** An evaluation had been ordered by City Court in the course of preliminary proceedings, before indictment.

degree resulting from an *Alford* plea. As the existence of this conviction was undisputed, it was defendant's burden to establish that the conviction was obtained unconstitutionally (*see People v Konstantinides*, 14 NY3d 1, 15 [2009]; *People v Pelkey*, 63 AD3d 1188, 1190 [2009], *lv denied* 13 NY3d 748 [2009]). The 1995 transcript reveals that during a standard plea colloquy the trial court engaged in a thorough examination to ensure that defendant understood the rights he was forfeiting. That court made clear efforts to ascertain that defendant's cognitive deficits did not interfere with his full understanding and, when defendant did not admit a material element of the crime, refused to accept the plea. After a break, during which defendant consulted with his attorney and counsel met with the court, the proceeding reconvened for the entry of an *Alford* plea. Such a plea is properly accepted when it is "the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt" (*Matter of Silmon v Travis*, 95 NY2d 470, 475 [2000]; *see People v Amir*, 70 AD3d 1122, 1122-1123 [2010], *lv denied* 14 NY3d 885 [2010]). Here, the court's interchange with defendant fully revealed the voluntary and rational nature of his decision, including his specific acknowledgment that he understood that his plea would expose him to future sentence enhancements. In addition to the court's questions, the People placed on the record their strong evidence of defendant's guilt, and defendant's counsel affirmed that he had fully explained to defendant the nature of the plea and the rights he would forfeit, including a potential justification defense. Thus, the court properly determined that the predicate conviction was constitutionally obtained (*see People v Matthie*, 34 AD3d 987, 989 [2006], *lvs denied* 8 NY3d 805, 847 [2007]; *People v Stewart*, 307 AD2d 533, 534 [2003]).

Finally, defendant contends that his sentence is harsh and excessive. In view of defendant's prior history of violent crimes and his apparent unresponsiveness to numerous previous incarcerations, we do not find that County Court abused its discretion in imposing the maximum sentence (*see* Penal Law § 70.04 [3] [b]; *People v Stearns*, 72 AD3d 1214, 1219 [2010], *lv denied* 15 NY3d 778 [2010]; *People v Vargas*, 72 AD3d at 1120).

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

