■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INJAH TAFARI, Appellant. [935 NYS2d 378]—

Spain, J.P.

As set forth in defendant's previous appeal to this Court (68 AD3d 1540 [2009]), while incarcerated in 2005, defendant engaged in an altercation during which he threw chairs through glass windows and caused injuries to two correction officers. As a result of this incident, a five-count indictment was handed up against defendant. Following a jury trial, he was convicted of two counts of assault in the second degree, one count of assault in the third degree and one count of criminal mischief in the third degree and sentenced to an aggregate prison term of seven years with five years of postrelease supervision (*id.* at 1540). On appeal, this Court reversed defendant's judgment of conviction and remitted for a new trial on the ground that he had been denied his constitutional right to self-representation at trial (*id.* at 1541). Upon remittal, defendant, represented by counsel, pleaded guilty to two counts of assault in the second degree, one count of assault in the third degree and one count of criminal mischief in the third degree. Thereafter, defendant sent a handwritten pro se motion to County Court seeking to withdraw *his guilty* plea, which was denied without prejudice, on the ground that defendant was represented by counsel who could renew the motion on his behalf. Subsequently, defendant was sentenced as a second felony offender on the assault in the second degree and criminal mischief counts to an aggregate prison term of four years with five years of postrelease supervision, and to a concurrent term of one year with respect to the assault in the third degree count. These appeals followed.

Initially, we are not persuaded by defendant's argument that, given his past mental health history, County Court erred by failing to sua sponte order a CPL article 730 competency hearing. Significantly, a "trial court is not required to hold a CPL article 730 hearing simply because a defendant has a history of mental illness, and such history does not necessarily render a defendant incompetent to enter a knowing and voluntary plea" (*People v Lafoe*, 75 AD3d 663, 663 [2010], *lv denied* 15 NY3d 953 [2010] [internal quotation marks and citation omitted]). Here, the plea minutes confirm that defendant, who had been found competent following CPL article 730 examinations conducted in the course of the earlier trial (68 AD3d at 1541), fully participated in the instant proceedings, filled out and signed a written document setting forth the particulars of the plea, appropriately answered the court's questions, conferred with counsel and, at one point,

even corrected the court on a factual detail relating to the charges against him. Under these circumstances, the record fails to disclose that defendant lacked the capacity to enter a knowing, voluntary and intelligent plea, and we find no abuse of discretion in the court's acceptance of the plea without holding another competency hearing; nor do we find defense counsel's failure to request another such hearing to be evidence of ineffective assistance of counsel (*see People v Lafoe*, 75 AD3d at 663-664; *see also People v Andrews*, 78 AD3d 1229, 1232 [2010], *lv denied* 16 NY3d 827 [2011]; *People v Sorey*, 55 AD3d 1063, 1064 [2008], *lv denied* 11 NY3d 930 [2009]).

Turning to defendant's pro se brief, we find lacking in merit his contention that County Court erred in not granting his pro se motion to withdraw his guilty plea. Significantly, defendant, while represented by counsel, participated in the subsequent sentencing proceedings without mentioning the prior motion to withdraw or making "any statements . . . casting doubt on the voluntariness of his plea or his guilt" (*People v Good*, 83 AD3d 1124, 1126 [2011], *lv denied* 17 NY3d 816 [2011]). Thus, the court was entitled to conclude that the pro se motion to withdraw, which had not been renewed by counsel, was not being pursued and we find no basis to reverse.

Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgments are affirmed.