Rose, J.E
Appeal from a judgment of the County Court of Ulster County (Ceresia, J.), rendered May 31, 2012, which *1092 resentenced defendant following his conviction of the crime of criminal sale of a controlled substance in the third degree.
Defendant was arrested on June 2, 2010 for his involvement in two narcotics sales that took place on that date. The next day, he was charged in a sealed indictment with two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree in connection with an earlier sale of heroin and crack cocaine to a confidential informant and an undercover police officer that had taken place in May 2010. The indictment was then unsealed and filed on June 10, 2010 and, after an adjournment to allow defendant an opportunity to retain counsel, he was arraigned the following day. In February 2011, defendant was again indicted, this time on six counts for his role in the June 2, 2010 sales. Defendant ultimately pleaded guilty to criminal sale of a controlled substance in the third degree—the first count in the earlier indictment—in full satisfaction of all pending charges in August 2011, with the understanding that he would be sentenced as a second felony offender to a term of three years in prison followed by two years of postrelease supervision. His subsequent motion to withdraw his plea was denied and, in November 2011, he was sentenced in accordance with the agreed-upon terms of imprisonment but without a determination of his second felony offender status. Defendant was then returned to court in May 2012 and, following a hearing, County Court determined that he was a second felony offender and resentenced him in accordance with the plea agreement. Defendant appeals.
We find no merit in defendant’s claim that he was denied his right to counsel on the charges contained in the sealed indictment. The record reflects that he was in custody as a result of the unrelated June 2, 2010 drug sales when the filing of the indictment in County Court commenced this action against him (see CPL 100.05, 210.10 [3]). He was assigned counsel in this action the next day at his adjourned arraignment (see CPL 170.10 [3] [a]). While defendant also claims that the sealed indictment was improperly amended without notice to him, there is only one indictment in the record and no indication that it was amended at any time.
Defendant also contends that he was denied his statutory and constitutional rights to a speedy trial by the delay between the indictment and his plea. We need not, however, address the statutory claim as defendant forfeited it by virtue of his guilty plea (see People v O’Brien, 56 NY2d 1009, 1110 [1982]; People v Iruis, 90 AD3d 1302, 1303 [2011], lv denied 19 NY3d 962 [2012]; *1093 People v Cunningham, 86 AD3d 859, 860 [2011]). While defendant’s constitutional right to a speedy trial survives the guilty plea, he offers no support for the contention that the People’s declaration of readiness at his arraignment was illusory. Under the circumstances here, the delay was not excessive, and it can be attributed, at least in part, to the motions filed by defendant and the pretrial hearing held at his request. Considering also that defendant does not specify any prejudice caused by the delay, we find no basis to conclude that he was deprived of his constitutional right to a speedy trial (see People v Taranovich, 37 NY2d 442, 447 [1975]; People v Pope, 96 AD3d 1231, 1233-1234 [2012]; People v Golgoski, 43 AD3d 551, 552 [2007]).
Nor do we find any merit to his claim that he should have been allowed to withdraw his plea prior to being resentenced as a second felony offender. The plea was not induced by an unfulfilled promise; rather, the resentence gave effect to the promise which induced defendant’s plea. Finding that the agreement was appropriate, County Court was not required to offer defendant an opportunity to withdraw his plea (see People v Ruddy, 77 AD3d 983, 984 [2010]; People v Martin, 17 AD3d 775, 776 [2005]). Moreover, inasmuch as the original sentence, which failed to designate defendant as a second felony offender, was invalid as a matter of law (see CPL 400.21 [1]; People v Scarbrough, 66 NY2d 673, 674 [1985], revg on dissenting mem of Boomer, J., 105 AD2d 1107, 1107-1109 [1984]), County Court had the discretion to resentence defendant in such a way that afforded him the benefit of his bargain (see People v Surdis, 23 AD3d 841, 843 [2005], lv denied 6 NY3d 818 [2006]; People v Monereau, 181 AD2d 918, 919 [1992], lv denied 79 NY2d 1052 [1992]; People v May, 180 AD2d 974, 974 [1992]; see also People v Sheils, 288 AD2d 504, 505 [2001], lv denied 97 NY2d 733 [2002]; People v Colon, 282 AD2d 332, 332-333 [2001], lv denied 96 NY2d 917 [2001]).
Defendant’s pro se claims that he was denied an opportunity to contest the designation as a second felony offender is without merit as the People did, in fact, file a second felony offender information prior to sentencing and then, again, before resentencing. Also, County Court held a hearing upon resentencing defendant, during which it afforded him an opportunity to articulate the nature of his constitutional challenge to the prior conviction (see CPL 400.21 [5], [7]; People v Walton, 101 AD3d 1489, 1490 [2012]; People v Pierre, 45 AD3d 1056, 1057 [2007], lv denied 9 NY3d 1037 [2008]). His pro se claim that he was denied the effective assistance of counsel is without merit in light of his favorable plea agreement, his acknowledgment on *1094 the record that he was satisfied with the services of his attorney and the lack of any evidence that he was prejudiced by any error by counsel (see People v Golgoski, 43 AD3d at 553; People v Washington, 3 AD3d 741, 743 [2004], lv denied 2 NY3d 747 [2004]).
Stein, Spain and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.