Pritzker, J.
 

 Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 6, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
 

 In September 2011, defendant was indicted on 17 counts of burglary in the second degree based upon numerous home burglaries that occurred between March 2010 and June 2010 in Broome County. At the time he was charged with those burglaries, defendant was in custody in Pennsylvania for charges in that state and remained there until Broome County obtained custody of him; he was arraigned on June 18, 2013 on the Broome County charges. The People announced readiness for trial the next day. On September 9, 2013, defendant filed an omnibus motion seeking, among other things, dismissal of the indictment and suppression of statements he had made.
 

 Pursuant to a federal order, defendant was thereafter transferred to federal custody to be a witness on a federal case. He was returned to Broome County in November 2013. In July 2014, County Court partially granted defendant’s motion by dismissing count 5 of the indictment and, with respect to the remaining issues, the court scheduled a hearing for September 4, 2014. Prior to the hearing, defendant moved to dismiss the indictment, alleging that the People had violated the Interstate Agreement on Detainers (hereinafter IAD) by failing to bring him to trial within 120 days from his initial arrival in Broome County (see 18 USC Appendix 2, § 2, art IV [c]; CPL 580.20, art IV [c]) and violated the antishuttling provision by returning him to Pennsylvania without first bringing him to trial on the instant charges (see 18 USC Appendix 2, § 2, art IV [e]; CPL 580.20, art IV [e]). At the previously scheduled hearing, County Court heard oral arguments on the alleged IAD violation and denied defendant’s motion on those grounds.
 

 On September 11, 2014, before County Court reached a decision on the outstanding issues, defendant pleaded guilty to a single count of burglary in the second degree (count 13) in exchange for being sentenced as a second felony offender to a prison term of six years followed by five years of postrelease supervision, to run consecutively to the term he was serving in Pennsylvania. Defendant was ultimately sentenced in accordance with his plea and now appeals.
 

 Defendant argues that County Court erred in denying his motion to dismiss the indictment due to a violation of the antishuttling provision of the IAD. While certain limited issues survive a guilty plea, those issues “relate either to jurisdictional matters (such as an insufficient accusatory instrument) or to rights of a constitutional dimension that go to the very heart of the process (such as the constitutional speedy trial right, the protection against double jeopardy or a defendant’s competency to stand trial)” (People v Hansen, 95 NY2d 227, 230 [2000]; see e.g. Menna v New York, 423 US 61, 62 [1975]; People v Guerrero, 28 NY3d 110, 116-117 [2016]; People v Lee, 58 NY2d 491, 494 [1983]). Here, the statutory rights available to defendant under the IAD are not such “defect [s] implicating the integrity of the process” but, rather, are less fundamental and, thus, are not deemed to survive a guilty plea (People v Hansen, 95 NY2d at 231; see e.g. People v Taylor, 65 NY2d 1, 6 [1985]; People v Friscia, 51 NY2d 845, 847 [1980]; cf. People v Pizetzky, 46 AD3d 709 [2007], lv denied 10 NY3d 815 [2008]).
 

 Defendant also argues that both his speedy trial right under the IAD and his constitutional speedy trial right were violated. We need not address defendant’s statutory claim as defendant forfeited this claim by virtue of his guilty plea (see People v Pizetzky, 46 AD3d at 710; cf. People v Friscia, 51 NY2d at 847; People v Mercer, 105 AD3d 1091, 1092 [2013], lv denied 21 NY3d 1017 [2013]). Further, although defendant’s argument that his constitutional speedy trial rights were violated was not forfeited by his guilty plea, the issue is unpreserved for this Court’s review because defendant failed to raise it before County Court (see People v Bennett, 143 AD3d 1008, 1010 [2016]; People v Mercer, 105 AD3d at 1093; see also People v Lawrence, 64 NY2d 200, 203-204 [1984]). Were this issue properly before us, we would find it to be without merit given that the delay was reasonable and there was no apparent prejudice to defendant. Moreover, even though defendant was incarcerated during the entire duration of the action, defendant’s freedom was not impaired solely due to this criminal action as he was serving a sentence on a separate crime committed in Pennsylvania (see People v Romeo, 12 NY3d 51, 55 [2009], cert denied 558 US 817 [2009]; People v Tuper, 118 AD3d 1144, 1146 [2014], lv denied 25 NY3d 954 [2015]; People v Pope, 96 AD3d 1231, 1233 [2012], lv denied 20 NY3d 1064 [2013]).
 

 Defendant’s claim that his plea was not knowing, intelligent and voluntary is unpreserved by his failure to make a postal-locution motion (see People v Rich, 140 AD3d 1407, 1407 [2016], lv denied 28 NY3d 936 [2016]; People v Hull, 52 AD3d 962, 963 [2008]). Further, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea allocution that were inconsistent with his guilt or the voluntariness of his plea (see People v Tetreault, 152 AD3d 1081, 1082 [2017]; People v DeAngelo, 136 AD3d 1119, 1120 [2016]).
 

 To the extent that defendant argues that his counsel was ineffective due to his failure to file a CPL 30.30 motion to dismiss, the issue is not preserved for our review as defendant failed to raise this issue before County Court (see People v Toledo, 144 AD3d 1332, 1334 n 2 [2016], lv denied 29 NY3d 1001 [2017]). In any event, were this speedy trial claim properly before us, we would find it to be without merit. A speedy trial claim under the LAD involves the same considerations of time involved under CPL 30.30 (see CPL 30.30 [4]; 580.20, art VI [a]). In fact, under the LAD, defendant only had to prove that there existed a 120-day delay (see CPL 580.20, art LV [c]), but, under CPL 30.30, he would have had to prove that there existed a 180-day delay (see CPL 30.30 [1] [a]). As such, counsel’s choice to bring a motion under the IAD, as opposed to a CPL 30.30 motion, was a strategic one (see generally People v Briskin, 125 AD3d 1113, 1122 [2015], lv denied 25 NY3d 1069 [2015]). Finally, to the extent that defendant’s ineffective assistance of counsel claim implicates the voluntariness of his plea, such claim is not before us given that defendant failed to make an appropriate postallocution motion (see People v Toledo, 144 AD3d at 1333).
 

 McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.
 

 Ordered that the judgment is affirmed.