People v Ellison (2018 NY Slip Op 02501)





People v Ellison


2018 NY Slip Op 02501


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

107134

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAMIEN K. ELLISON, Appellant.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


A. Renee Sutton, Elmira, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Mariah Foster, Law Intern), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered September 24, 2014, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
By felony complaints dated April 17, 2013, defendant was charged with offenses stemming from his possession of a significant quantity of heroin. On May 28, 2014, the grand jury handed up an indictment charging defendant with two counts of criminal possession of a controlled substance in the third degree. Defendant was arraigned on June 2, 2014, the People declared their readiness for trial on the same day and, on June 25, 2014, defendant pleaded guilty to one count of attempted
criminal possession of a controlled substance in the third degree and waived his right to appeal. In September 2014, defendant was sentenced as a second felony offender to 3½ years in prison, followed by three years of postrelease supervision, in accordance with the terms of the plea agreement. Defendant now appeals.
The sole claim that defendant raises on this appeal is that his statutory right to a speedy trial was violated (see CPL 30.30 [1] [a]). Notwithstanding the People's concession that the appeal waiver is invalid, defendant's statutory speedy trial claim is forfeited by his guilty plea (see People v Fay, 154 AD3d 1178, 1180 [2017], lv denied 30 NY3d 1115 [2018]; People v Lydecker, 116 AD3d 1160, 1161 [2014], lv denied 24 NY3d 962 [2014]; People v Irvis, 90 AD3d 1302, 1303 [2011], lv denied 19 NY3d 962 [2012]). As such, the judgment is affirmed.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.