People v Perez (2025 NY Slip Op 03285)

People v Perez

2025 NY Slip Op 03285

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Ind. No. 72468/23|Appeal No. 4488|Case No. 2024-06075|

[*1]The People of the State of New York, Respondent,
v
Juan Perez, Defendant-Appellant.

Worth, London & Martinez, LLP, New York (Stuart Gold of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Mitchell of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered September 9, 2024, convicting defendant, after a bench trial, of assault in the third degree, and sentencing him to a one-year conditional discharge, unanimously affirmed.
The evidence was legally sufficient to disprove defendant's justification defense (see People v Brown, 33 NY3d 316, 321 [2019]) and the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Defendant, a police officer responding with his partner to a report of an "emotionally disturbed person," encountered a man standing in the middle of the street who appeared to be inebriated, and was holding a large liquor bottle above his head as he spoke in an aggressive manner to other people. Defendant was able to get the man to sit down on a chair and calm down but soon thereafter he and the man became engaged in a physical altercation. They eventually landed on the ground, with defendant landing on top of the the man, who reached around the back of defendant's neck with his left arm in an attempt to pull defendant toward him. Defendant's partner removed the man's left arm from around defendant's neck in a matter of seconds and held onto it. At this point, defendant punched the man in the face six times in rapid succession, breaking his nose and causing other injuries.
The court properly ruled that these blows were not justified because the drunk man did not pose a threat to defendant when defendant delivered the six rapid punches to the face. At the least, defendant's punches constituted "more force than he reasonably believed necessary to defend himself" (see People v Andrews, 78 AD3d 1229, 1231 [3d Dept 2010], lv denied 16 NY3d 827 [2011]) Because we find that defendant's punches were unjustified from their inception, we need not reach the People's argument that even if the first four punches were justified, the final two, delivered after the man's body went limp and defendant's partner told him to "stop," were unjustified.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025